**AMERICAN DRUGGISTS' FIRE INS. CO., Plaintiff-Appellant, v BOECKH, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6917. Decided February 9, 1948.

Becker & Loeb, Cincinnati, for plaintiff-appellant.
Aubrey M. Foiles, Cincinnati, for defendant-appellee.

## OPINION

Per CURIAM:

Notice of appeal was filed on questions of law and fact. The action was not a chancery case. The appeal is reduced to appeal on question of law.

The plaintiff sued to recover the balance due on an account using the "short form" of petition.

The answer was in effect a general denial.

Verdict was instructed for defendant at the close of all the evidence.

From the bill of exceptions it appears that the plaintiff was the owner of an office building, that early in the year 1934 the defendant, Elmer H. Boeckh, made arrangements with an employee of plaintiff for the rent of an office in plaintiff's building, that he told such employee he and his associates intended to incorporate, that he occupied the office for some months without being required to pay rent, that later, after having so occupied the office for several months, an incorporation of defendant and his associates was effected under the name of E. H. Boeckh & Associates, Inc., that from the time rent was charged in 1934 until 1941 monthly bills were rendered this defendant **personally** and never in the name of the corporation, and at no time did defendant object to bills being so rendered. A letter dated March 14, 1941 was offered in evidence by plaintiff. This letter was written by defendant to plaintiff's employee and in it defendant stated:

"I am not down in Washington on my own volition. I have been drafted into active duty by the Army, through no fault of my own. Before you start any wrecking without giving me an opportunity to protect my interest, it might be a good

plan to look into the fact that Congress has passed a Soldiers and Sailors Relief Act to cope with such situations.

"I am sending Miss Ward in with a check Saturday, I assume no obligation for the period in which you prevented access to the office. I am endeavoring to go to Cincinnati the latter part of next week."

The letter was signed "E. H. Boeckh, Major (C. A. C.) Q. M. C."

The court refused to permit it to be introduced in evidence. The letter is attached to the bill of exceptions, being properly identified.

It also appears from the evidence that payment of rent was made by checks signed in the name of the corporation, that the name of the corporation was carried on the office door and in the building directory in the ground floor lobby, and that an actual incorporation existed after several months occupancy of the office by the defendant.

The Court committed error, prejudicial to plaintiff, in excluding the letter of defendant to plaintiff. This letter did not mention the corporation, but from its terms apparently recognized a **personal** relationship between the defendant and plaintiff.

A factual issue was presented by the evidence, whether the defendant was a tenant of plaintiff or not.

The action of the Court in instructing a verdict for defendant could be justified only if there was no substantial evidence supporting the cause of action of plaintiff.

There was such substantial evidence, and, as indicated, the Court excluded other evidence which should have been admitted.

The judgment is reversed and the cause remanded for further proceedings.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.